### O'CONNOR, HARRISON & CO. v. KLINGEL.

(Circuit Court of Appeals, Ninth Circuit. December 13, 1926.)

No. 4912.

1. **Shipping ⬥84(3)—Shipowner's failure to furnish safe appliances for use of stevedores is negligence.**

Shipowners must furnish reasonably safe appliances for prosecution of work aboard ship by stevedores, and its failure to do so is negligence.

2. **Shipping ⬥84(3)—Owner held liable for injury to stevedore's employee by defective winch furnished by vessel.**

That a longshoreman, whose injury was caused by defective winch furnished by vessel, was in employ of contracting stevedore, does not relieve shipowner from liability.

3. **Admiralty ⬥66—Pleadings considered amended to conform to proof, in absence of surprise or injury.**

In admiralty, pleadings will be considered as amended to conform to the proof, provided no party is surprised or injured by such course.

In Admiralty. Suit by H. H. Klingel against O'Connor, Harrison & Co. Decree for libelant, and respondent appeals. Affirmed.

C. A. Riddle and James Kiefer, both of Seattle, Wash., for appellant.

Eimon L. Wienir, of Seattle, Wash., for appellee.

Before RUDKIN, Circuit Judge, and DIETRICH and KERRIGAN, District Judges.

KERRIGAN, District Judge. This is an appeal by the claimant, O'Connor, Harrison & Co., from a decree in favor of the libelant, H. H. Klingel, for the sum of $1,814 for personal injuries suffered on board the steamship Aneiura, owned by claimant. Briefly the facts are as follows:

Libelant was in the employ of a corporation engaged in the business of stevedoring, which was employed to load the vessel with lumber. In such work a steam winch of the friction type was used. While the libelant was standing on the deck of the vessel, being stationed there to aid in landing the slingloads of lumber, one of them descended abruptly without warning, catching libelant's left foot against the ship's rail and crushing it. The falling of the load was due to the failure of the winch to brake it effectively as it was being lowered onto the deck of the vessel. As a result of the injuries so received, libelant was incapacitated for a period of five months.

The lower court found that the steam winch was in a defective condition and was not reasonably safe for use, and ordered a decree in favor of the libelant as stated above. The sole question before this court on respondent's appeal is whether or not the evidence shows that said respondent furnished libelant with reasonably safe appliances for his work. In support of the appeal it is contended, first, that the libelant failed to prove negligence on the part of respondent; second, that the winch operator was either unskillful or inattentive; and, third, that libelant's injury resulted from his own negligence.

[1, 2] Upon an examination of the evidence in the case it is clearly shown that these contentions are without merit. It appears plainly therefrom that the steam winch was defective at the time of the accident. This was testified to even by several of respondent's own witnesses. The law is well settled that it is the duty of a shipowner to furnish reasonably safe appliances for the prosecution of the work aboard ship. The fact that libelant was employed by an independent contractor engaged in loading the vessel is not material. It was none the less respondent's duty to furnish a winch that was reasonably safe in operation. Its failure to do so must be held to constitute negligence under the maritime law, entailing liability for consequential damage.

There is nothing in the evidence to show that the winch operator was either unskillful or inattentive, or that libelant's accident resulted from his own negligence. Respondent's contentions, therefore, as to these defenses, are unavailing. This court is bound to follow the holding of the trial court, in the absence of any showing that the operator was either unskillful or inattentive, or that the libelant was negligent.

[3] Respondent also takes the position that, because the negligence proven in the case varied somewhat from that alleged in the libel, the libelant cannot recover. But there is no .

contention on the part of respondent that it was surprised thereby or injured. Counsel did not at any time during the trial make any claim of surprise or ask for a continuance by reason thereof. It is well established in admiralty that the pleadings will be considered as amended to conform to the proof, provided that no party is surprised or injured by such course. This rule was laid down by this court in the case of Davis v. Adams (C. C. A.) 102 F. 520, and has been followed without exception by other Circuit Courts. See Argo S. S. Co. v. Buffalo S. S. Co. (C. C. A.) 223 F. 581; The Rosalia (C. C. A.) 264 F. 285; Thor v. Tropical Fruit Co. (C. C. A.) 281 F. 740.

The decree is affirmed.